Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:26-bk-10067-NB |
| | ) |
| | ) Chapter 11 |
| | ) |
| ALPINE CORPORATION, | ) |
| | ) **APPLICATION FOR AUTHORITY TO** |
| Debtor. | ) **EMPLOY AZADEGAN LAW GROUP AS** |
| | ) **SPECIAL COUNSEL; DECLARATION OF** |
| | ) **RAMIN AZADEGAN IN SUPPORT** |
| | ) **THEREOF** |
| | ) |
| | ) **Date:** |
| | ) **Time:**        [No Hearing Required] |
| | ) **Place:** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

The Application of Alpine Corporation (the "**Debtor**" or "**Applicant**") debtor and debtor in possession herein respectfully represents that:

1.      On or about January 5, 2026, the Debtor commenced this case by filing a Voluntary Petition under Chapter 11, Title 11, United States Code (the "**Petition Date**"). Since the commencement of the bankruptcy case, the Debtor has continued to manage its own affairs as a Debtor-in-Possession ("**DIP**") pursuant to §§1107 and 1108 of the Bankruptcy Code.

2.      The Debtor was established in 1999 and is a California-based outdoor décor and

Kogan Law
Firm, APC

APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL

holiday décor company. It began as a regional wholesale distributor serving local garden centers, and over time expanded into a national importer and distributor serving major brick-and-mortar retailers, online platforms, and direct-import customers across the United States. The Debtor designs and supplies fountains, farm décor, and outdoor holiday décor, combining classic styles with contemporary aesthetics. At its peak, the Debtor employed approximately 80 full-time equivalent employees across its domestic and international operations.

3.    During the COVID-19 pandemic, the Debtor experienced a period of substantial growth driven by unprecedented consumer trends, including increased home improvement spending, nesting behavior, shifts toward outdoor living, and federal stimulus support to consumers. Demand for home and outdoor décor products increased sharply, retailers significantly expanded purchase commitments, and consumers redirected discretionary income toward durable goods. During this period, the Debtor's annual revenues reached approximately $72,000,000.

4.    To support nationwide demand and retailer programs, the Debtor entered into an expanded credit facility of $20,000,000 with IDB Bank, and invested in inventory, warehousing capacity, and staffing. These investments were consistent with prevailing industry forecasts and retailer purchase commitments at the time. However, this expansion coincided with dramatic increases in supply chain costs, including freight increases from approximately $3,000 to $25,000 per container, widespread port congestion, demurrage and detention, and delays that required the Debtor to obtain additional warehouse space, racking, equipment, and staffing. Overhead increased substantially and remained elevated even as demand later decreased.

5.    As pandemic conditions normalized, consumer behavior shifted rapidly toward services and away from goods, resulting in industry-wide declines in discretionary spending. Retailers significantly reduced purchasing, shortened ordering cycles, and became overstocked. For example, Amazon shortened its purchase windows from roughly nine months to about sixty days, and other online marketplaces increased fees, chargebacks, compliance costs, and return penalties, further compressing margins and constraining liquidity.

6. At the same time, macroeconomic conditions imposed additional pressure. Inflationary increases in materials, labor, fuel, and freight elevated operating costs, while rising interest rates reduced consumer discretionary spending and increased the Debtor's cost of capital. Tariff changes also increased landed costs on imported products, creating additional financial strain in categories core to the Debtor's business. Although industry demand remained stable relative to pre-pandemic levels, it declined significantly relative to pandemic-era highs, and retailers did not return to pre-2020 purchasing patterns. By late 2025, revenues of the Debtor declined to approximately $30,000,000 annually.

7. These conditions created significant liquidity strain. The Debtor maintained a cost structure and debt load sized for a $72,000,000 business, while operating at substantially lower revenue levels. High warehouse occupancy costs, logistics expenses, and variable fulfillment costs, combined with increased borrowing base pressure from its lender, aging China accounts payable, and a lack of available new capital, resulted in persistent operating losses. Notwithstanding substantial cost reductions, the Debtor was unable to generate sufficient cash flow to service obligations or maintain vendor relationships.

8. By late 2025, the combination of post-pandemic demand contraction, supply chain disruption, macroeconomic pressures, reduced retailer commitments, and increased operating costs rendered the Debtor unable to continue operating under its existing cost structure and debt obligations. Moreover, in the weeks before the bankruptcy filing, certain of the Debtors creditors contacted many of the Debtors customers and attempted to collect on their alleged claims directly from the Debtors customers. This greatly disrupted the Debtors business operations. The Debtor believes that, absent relief under Chapter 11, continued operations would be at risk, and recoveries to stakeholders would be materially impaired.

9. Prior to filing the bankruptcy case, the Debtor developed and began implementing a series of operational changes intended to reduce costs, improve margins, and restore profitability. These initiatives include consolidating locations and rejecting burdensome leases, reducing annual

Kogan Law
Firm, APC

3

**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

fixed costs by over $1,000,000, decreasing dilution and variable cost expenses, improving margins and channel mix, increasing domestic retail and direct-import programs, implementing targeted advertising and performance-based marketing, restructuring management and finance functions including engaging a Chief Restructuring Officer, and instituting strict controls on purchasing and expenses. These measures are designed to reduce costs, improve gross margins, accelerate inventory turnover, and enhance long-term sustainability.

10.    Applicant has selected Azadegan Law Group ("**ALG**") as its special counsel because that law firm has considerable expertise in matters contemplated in its employment, and Applicant believes that ALG is well qualified to represent it in this Chapter 11 case as special counsel. ALG is firm that serves many areas of law, however, ALG has over 30 years' experience in complex business litigation and contract disputes.

11.    Prior to the filing of the bankruptcy case, ALG represented the Debtor in the matter pending in the Superior Court of the State of California ("**State Court**") entitled Alpine Corporation, Aspen Peak Corporation, Garden Plus Sales v Transcend Logistics, LLC, Michael Sacco, Joseph A. Furnari, Michael A. Furnari (Case No. 24STCV10701) (the "**Transcend State Court Action**"). Aspen Peak Corporation and Garden Plus Sales are non-debtor affiliates (the "**Affiliates**") of the Debtor.

12.    The Transcend State Court Action concerned a Sublease (the "**Sublease**") the Debtor entered into with Transcend Logistics, LLC ("**Transcend**") for the term of three (3) years commencing on June 1, 2023 and ending on May 31, 2026, with a monthly base rent of $88,716.75. The Sublease included as a provision within the Sublease and as a separately executed Guaranty, Sacco, J. Furnari and M. Furnari guaranteed the obligations of Transcend under the Sublease (the "**Guaranties**").

13.    After Transcend executed the Sublease, Transcend took possession of the Premises on or about June 1, 2023. Upon several occasions thereafter, Transcend failed timely to pay monies due and owing to the Debtor under the Sublease. On April 5, 2024, Transcend vacated and abandoned the Premises, owing in excess of $200,000.00 under the Sublease.

Kogan Law
Firm, APC

4

**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

14. The law firm of ALG is experienced in these matters **and represented the Debtor prepetition in these matters**. The firm's attorneys who will appear in this matter are duly admitted to practice in this Court; their educational and employment background is attached hereto and incorporated herein by this reference as Exhibit "A".

15. The firm's attorneys who will appear in this matter are duly admitted to practice in this Court or will be assisted by Debtors counsel. The Transcend State Court Action has been settled, subject to documentation and Bankruptcy Court approval. Assuming the Transcend State Court Action is settled, this matter is being handled on a blended contingency basis, subject to the following terms and conditions:

The hourly rates in the attached engagement letter are hereby waived other than any amounts due prior to the Petition Date which is in the amount of $11,988.76, which shall be paid in addition to the flat fee described below.

ALG shall receive as a fee the sum of 20% of any and all gross monetary recovery obtained by way of settlement, trial, arbitration, mandatory settlement conference, or settlement obtained through mediation, including punitive damages awards.

Attached hereto and incorporated herein by this reference as Exhibit "B" is a copy of the Engagement letter by and between ALG and the Debtor.

16. The retainer that ALG received prepetition was exhausted prior to the filing of the bankruptcy case.

17. Pursuant to 11 U.S.C. § 327(a), a trustee (or debtor) may employ attorneys and other professional persons who do not hold or represent an interest adverse to the estate, and who are disinterested persons, to represent or assist the trustee in carrying out the debtor's duties.

18. Moreover, 11 U.S.C. § 327(e) is an exception to the requirement of disinterestedness set forth in 11 U.S.C. § 327(a). Pursuant to 11 U.S.C. § 327(e) and 327(c), a trustee or debtor in possession may employ an attorney who has represented the debtor if the employment is in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which the attorney is to be employed. So, even where an attorney is not "disinterested," employment is acceptable.

19. Further, employment pursuant to 11 U.S.C. § 327(c) is appropriate when the

Kogan Law
Firm, APC

5

**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

debtors are involved in complex non-bankruptcy matters and changing attorneys in the middle of the case would be detrimental to the progress of the non-bankruptcy matters.  See H.R. Rep. No. 595, 95th Cong. 1st Sess. 328 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 38-39 (1978).

20.     In this instance, where ALG does not hold any interest adverse to the estate (i.e., is not a creditor of the estate other than unpaid pre-petition fees) or represent a party in which it has an actual conflict of interest it may be retained as special counsel under 11 U.S.C. § 327(e) and (c).  In this case, due to ALG's familiarity with the Debtor and the Transcend State Court Action, ALG employment is in the best interest of the estate.

21.     ALG does not represent any entity having an adverse interest to Applicant in connection with this case. ALG will continue to represent the Affiliates of the Debtor in the Transcend State Court Action as the issues are identical to those of the Debtor and no additional cost will be incurred. In the proposed settlement, all payments will be paid to the Debtor, and the Affiliates will not receive any payment. If any additional separate work is required for the Affiliates, ALG will bill them directly for those separate services that is distinct from that of the Debtor. In addition, ALG has a prepetition claim of $11,988.76 for unpaid fees and costs incurred representing the Debtor in the Transcend State Court Action, and is not waiving that claim, and will be paid from the proposed settlement that amount and its agreed flat fee. Further, except as otherwise set forth in this Application, ALG does not have any connection with the debtor, debtor in possession, creditors of the estate, or any other party in interest other than its representation of the Debtor.

22.     The Debtor believes the retention of ALG is in the best interests of the estate. Pursuant to the provisions contained in the Office of the United States Trustee ("**UST**") Guidelines, ALG will comply with the appropriate Fee and Employment Guidelines.

23.     A copy of the Legal Services Agreement by and between ALG and the Debtor is attached hereto as Exhibit "B" and incorporated herein by this reference. A copy of the resume of professionals who will appear in this case is attached hereto as Exhibit "A" and incorporated herein by this reference.

24.     Notice of the Application was served concurrently with the filing of the

Kogan Law
Firm, APC

6
**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

Application with the UST. Attached hereto as Exhibit "C" and incorporated herein by this reference is a copy of the Notice.

25.     ALG charges the actual costs of photocopying documents. ALG charges ten cents per page of copying done in the office.  ALG sends out volume copying jobs for commercial processing if time permits.

26.     Costs incurred by ALG for services supplied by third parties, such as long distance telephone charges, messenger charges and overnight mail services are passed through at ALG's cost.

27.     Pursuant to the provisions of the Bankruptcy Code, compensation to be awarded to ALG shall be subject to **11 U.S.C § 330 and 327,** and order of the Court, upon application and following appropriate notice and hearing. No compensation will be paid without prior court approval other than as set forth above.

**28.     The following provisions of the Fee Agreement are hereby waived by ALG to provide conformity with fee requirements in bankruptcy cases: (i) Paragraph 6 – ALG waives the attorney lien; and (iii) Paragraph 10 – ALG waives the arbitration clause.**

WHEREFORE, Applicant prays that they be authorized to employ the law firm of ALG as its special counsel, at the expense of the estate, and that they have such other and further relief as the Court may deem just and proper.

DATED:  March 23, 2026

By:_____
Robby Soofer, President of the Debtor

Respectfully submitted by:

**KOGAN LAW FIRM, APC**

/s/Michael S. Kogan
_____
Michael S. Kogan
Attorneys for the Debtor

Kogan Law Firm, APC

7

**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

## DECLARATION OF RAMIN AZADEGAN

I, Ramin Azadegan, declare:

1. I am an individual over the age of eighteen years and an attorney of law duly qualified to practice law in the State of California, and have served prepetition as litigation counsel to Alpine Corporation (the "**Debtor**" or "**Alpine**"), and make this declaration based upon personal knowledge in support of the Application for Authority to Employ Azadegan Law Group ("**ALG**") as Special Counsel (the "**Application**") in the Debtor's bankruptcy case, and I would and could testify to the information contained herein if called as a witness to do so.

2. All of the members and associates of ALG who will appear in this case are duly admitted to practice in the courts of the State of California.  ALG maintains an office for the practice of law at 9100 Wilshire Blvd., Suite 710E, Beverly Hills, California  90212, and is the law firm which the Debtor in the within Chapter 11 case desires to have represent it as special counsel herein.

3. Prior to the filing of the bankruptcy case, ALG represented the Debtor in the matter pending in the Superior Court of the State of California ("**State Court**") entitled Alpine Corporation, Aspen Peak Corporation, Garden Plus Sales v Transcend Logistics, LLC, Michael Sacco, Joseph A. Furnari, Michael A. Furnari (Case No. 24STCV10701) (the "**Transcend State Court Action**"). Aspen Peak Corporation and Garden Plus Sales are non-debtor affiliates (the "**Affiliates**") of the Debtor.

4. The Transcend State Court Action concerned a  Sublease  (the  "**Sublease**") the Debtor entered into with  Transcend Logistics, LLC ("**Transcend**") for the  term  of three (3) years commencing on June 1, 2023 and ending on May 31, 2026, with a monthly base rent of $88,716.75. The Sublease included as a provision within the Sublease and as a  separately executed  Guaranty, Sacco, J. Furnari  and M.  Furnari guaranteed the obligations of Transcend  under the Sublease (the "**Guaranties**").

5. After Transcend executed the Sublease, Transcend took possession of the Premises on or about June 1, 2023.  Upon several occasions thereafter, Transcend failed timely to pay monies due and owing to the Debtor under the Sublease. On April 5, 2024,

Transcend vacated and abandoned the Premises, owing in excess of $200,000.00 under the Sublease.

6.      The law firm of ALG is experienced in these matters **and represented the Debtor prepetition in these matters**. The firm's attorneys who will appear in this matter are duly admitted to practice in this Court; their educational and employment background is attached hereto and incorporated herein by this reference as Exhibit "A".

7.      The Transcend State Court Action has been settled, subject to documentation and Bankruptcy Court approval. Assuming the Transcend State Court Action is settled, this matter is being handled on a blended contingency basis, subject to the following terms and conditions:

> The hourly rates in the attached engagement letter are hereby waived other than any amounts due prior to the Petition Date which is in the amount of $11,988.76, which shall be paid in addition to the flat fee described below.
>
> ALG shall receive as a fee the sum of 20% of any and all gross monetary recovery obtained by way of settlement, trial, arbitration, mandatory settlement conference, or settlement obtained through mediation, including punitive damages awards.
>
> Attached hereto and incorporated herein by this reference as Exhibit "B" is a copy of the Engagement letter by and between ALG and the Debtor.

8.      The retainer that ALG received prepetition was exhausted prior to the filing of the bankruptcy case.

9.      In this instance, where ALG does not hold any interest adverse to the estate (i.e., is not a creditor of the estate other than unpaid per-petition fees) or represent a party in which it has an actual conflict of interest it may be retained as special counsel under 11 U.S.C. § 327(e) and (c).  In this case, due to ALG's familiarity with the Debtor and the Transcend State Court Action, ALG employment is in the best interest of the estate.

10.     ALG does not represent any entity having an adverse interest to Applicant in connection with this case. ALG will continue to represent the Affiliates of the Debtor in the Transcend State Court Action as the issues are identical to those of the Debtor and no additional cost will be incurred. In the proposed settlement, all payments will be paid to the Debtor, and the Affiliates will not receive any payment. If any additional separate work is required for the

Kogan Law
Firm, APC

9

**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

Affiliates, ALG will bill them directly for those separate services that is distinct from that of the Debtor. In addition, ALG has a prepetition claim of $11,988.76 for unpaid fees and costs incurred representing the Debtor in the Transcend State Court Action, and is not waiving that claim, and will be paid from the proposed settlement that amount and its agreed flat fee. Further, except as otherwise set forth in this Application, ALG does not have any connection with the debtor, debtor in possession, creditors of the estate, or any other party in interest other than its representation of the Debtor.

11.    Declarant and his law firm understand and agree that the compensation to be awarded to said law firm on account of its services rendered during this case shall be subject to order of the Court, upon application and following appropriate notice and hearing.

12.    I and members and associates of ALG who will appear in this case are familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and shall comply with them or be advised by Debtors counsel to comply.

13.    Other than as set forth herein and in the Application, ALG (i) does not have a prepetition claim against the bankruptcy estate, an equity security holder or insider of the Debtor; and (ii) has not had any connection with any insider of the Debtor or any insider of an insider of the Debtor other than as set forth herein; and (iii) has not represented, is not representing and does not intend to represent any related Debtor in a bankruptcy case in this or any other court. ALG has not received or will not receive any lien or other interest in property of the Debtor or a third party to secure payment of the professional fees.

14.    A copy of the Legal Services Agreement by and between ALG and the Debtor is attached hereto as Exhibit "B" and incorporated herein by this reference. There will be no duplication of services performed by ALG. A copy of the resume of professionals who will appear in this case is attached hereto as Exhibit "A" and incorporated herein by this reference.

15.    Notice of the Application was served concurrently with the filing of the Application with the UST. Attached hereto as Exhibit "C" and incorporated herein by this reference is a copy of the Notice.

16.    The investigation of disinterestedness made by ALG prior to submitting this

Kogan Law
Firm, APC

10

**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

declaration consisted of a conflict check via ALG computer client data base, and a memo to attorneys of the firm which included information regarding the case, and each attorney is required to initial the memo after review. This procedure was followed by ALG prior to submission of the Application, and no conflict was discovered. ALG is not and was not an investment banker for any outstanding security of the Debtor. ALG has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

17.    ALG is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor. ALG neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor.

18.    **The following provisions of the Fee Agreement are hereby waived by ALG to provide conformity with fee requirements in bankruptcy cases: (i) Paragraph 6 – ALG waives the attorney lien; and (iii) Paragraph 10 – ALG waives the arbitration clause**

19.    After conducting or supervising the investigation described above, I declare under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed this 23th day of March 2026 at Beverly Hills, California.

Ramin Azadegan

Kogan Law
Firm, APC

**APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

# EXHIBIT A

# AZADEGAN LAW GROUP, APC

Speak to Our Talented Los Angeles Trial Attorneys

At Azadegan Law Group, APC, our team of top trial attorneys is committed to serving clients throughout the greater Los Angeles area in a wide range of legal matters related to business and real estate litigation. Attorney Ramin Azedegan selected each lawyer at our firm because of their proven ability to try and win cases for clients of all backgrounds. Because Mr. Azadegan possesses 30 years of experience, you can trust that our law firm provides reliable legal counsel. Our legal team is genuinely in the business of winning, and we are prepared to use our extensive resources and knowledge of the law to make sure your best interests are protected.

Our dedicated legal professionals each have a proven track record, and we are eager to take on the rigors of difficult, complex, or challenging litigation so that you no longer feel overwhelmed by your legal issues. When we handle our clients' cases, we take the time to listen closely and understand their concerns because our goal is to draft efficient legal strategies that are tailored to their unique needs.

We work hard to formulate the right strategy because we know how important it is to find ingenious solutions to our clients' problems. Although we cannot guarantee the outcome of any case, we will always implement a well-thought-out strategy, from the beginning to the conclusion.

## BUSINESS LITIGATION

We explore all options to resolve our clients' business disputes because we know how important these matters are and the substantial impact they can have on a company's operations. We begin with negotiation and mediation because we believe in making a good faith effort to resolve business disputes outside of the courtroom. If it becomes necessary, we will litigate your case aggressively and passionately. Our comprehensive business litigation services.

## REAL ESTATE LITIGATION

At Azadegan Law Group, APC, we know that you've worked hard to get what you own, and we believe you shouldn't have to give it up. If full-scale litigation is necessary, we implement aggressive and cost-effective litigation plans allowed by our clients' budget and stress tolerance. Our real estate litigation team can assist.

# Ramin Azadegan

## Trial Attorney

For many years, Mr. Azadegan has a successful career in international business, an experience that contributes to his unique ability to understand and explain complex legal issues from a business point of view. Mr. Azadegan has handpicked experienced lawyers to handle any simple to complicated case in the areas of their practice.

Mr. Azadegan graduated from UCLA with majors in Economics and Political Science and received his juris doctorate from Loyola Law School.

Mr. Azadegan has been a member of the California Bar since 1987 and is admitted to practice before United States District Courts in California, the California Supreme Court, and the Ninth Circuit and Federal Circuit Courts of Appeals. He also maintains memberships in the bars of New York and Washington, D.C.

He has achieved outstanding results in business litigation, including director and officer liability; minority rights in corporations, partnerships, and limited liability companies; business torts, collections, and loan/usury issues, and in real estate litigation including quiet title, easements, and adverse possession.

His achievements and experience have made Mr. Azadegan a frequent speaker on Continuing Legal Education panels, helping to train other attorneys in areas as diverse as methods of winning multi-million dollar verdicts and the ethical pitfalls of social media.

Results

Mr. Azadegan has successfully handled more than 70 trials and arbitrations, including the following:

Obtained a dismissal of a $27.5 million claim brought by a public company against his client

$8.5 million in favor of his client, a real estate investor, while defeating a $5.5 million cross-complaint against the client

Extinguished a personal guaranty, signed by the client, for $7.4 million

Obtained a defense judgment on a claim of $2.08 million in a real estate transaction

Obtained a favorable defense judgment including attorneys' fees and costs, by arguing a novel theory of set-off and off-set at trial

Obtained an attachment order and used it to leverage a highly favorable settlement for over $1.7 million

Obtained a judgment in favor of a client who had entered into a written settlement agreement in the presence of the Court, by successfully arguing that the settlement contract was unenforceable

**EXHIBIT B**

# AZADEGAN LAW GROUP

A PROFESSIONAL CORPORATION

9100 Wilshire Boulevard
Suite 710E
Beverly Hills, CA 90212
Tel: (310) 271-4800
Fax: (310) 271-4088
www.raminlaw.com

Ramin Azadegan
ramin@raminlaw.com

January 29, 2025

Via Email: robby@alpine4u.com

Mr. Robby Soofer
Alpine Corporation
Aspen Peak Corporation
Garden Plus Sales
13001 Temple Avenue
Industry, CA 91746

      Re:    Alpine Corporation, etc. v. Transcend Logistics, LLC, et.al.

Dear Robby,

This letter sets forth our understanding regarding our engagement and provides information about our fees and the terms and conditions of our representation in connection with dispute described below. This letter shall, therefore, memorialize and constitute our fee agreement setting forth the terms and conditions under which we will be acting as your counsel.

**Engagement.** You, wish to engage us, the Azadegan Law Group, APC (the "Firm"), to provide legal services to represent you in connect with your dispute between you and _____ regarding [related to the action entitled *Alpine Corporation, etc. v. Transcend Logistics, LLC*, bearing LASC No. 24STCV10701 (the "Dispute"). Although we always do our best to accomplish your objectives, this will confirm our advice that there is no guarantee we will be successful in connection with the Action, and any comments we may make predicting the outcome of your matters should not be construed as promises, assurances or guarantees of success. Please also be advised that we are not equipped to render any legal advice relating to taxes, insurance coverage, or bankruptcy in any manner whatsoever. If you feel you need any advice in those areas, you should retain your own independent tax consultant or lawyer(s).

January 29, 2025
Page 2

**Professional Fees and Costs.**  Our fees for legal services are based on an hourly rate, depending upon the attorney's experience.  For the purposes of this case only, my rate is $395 per hour.  For associates, you will be charged at rates from $180 per hour through $350 per hour depending on their experiences.  We reserve the right to assign or hire other counsel to represent you in this matter from time to time and you will be responsible for the fees of said counsel.

In addition to hourly rate that you must pay, you agree that the Firm shall receive as a fee the sum of 20% of any and all gross monetary recovery obtained by way of settlement, trial, arbitration, mandatory settlement conference, or settlement obtained through mediation, including punitive damages awards. Client understands and acknowledges that all litigation costs incurred by Attorney or prior attorney/s shall be deducted from Client's portion of any monetary recovery obtained by way of trial, arbitration, mediation or settlement.  If there is an attorney's fee provision in a contract or recoverable by law, those funds are separately owed to attorney and not shared with client as part of the total recovery.

Moreover, among the services which are routinely billed are telephone conversations, travel time to and from Court and for other destinations, and costs incurred, which include, but are not limited to, filing fees, messenger and air courier expenses, parking expenses including without limitation, hotel accommodations, local and out-of-town travel expenses, computerized research costs, attorney service costs, long distance telephone expenses, facsimile and other communication expenses, and photocopying costs.  Payment for the services we render and the costs we incur is due upon presentation of our billing statements.  For the payment of costs and expenses, you hereby agree that if any charge is over $200 we will submit to you the invoice or the estimate and you agree to timely pay the cost directly to the vendor.

If any monthly statement rendered by us to you is not paid within thirty days of the date of such statement, then (in addition to our right to voluntarily withdraw from representing you, as noted below) an interest charge of 10% per annum and a late charge of 1% per month will accrue on the unpaid amount, commencing from the date of presentation of our statement until it is paid in full.

**Retainer.**  We require an evergreen retainer/deposit from you in the amount of Ten Thousand Dollars ($10,000.00).  That retainer will be deposited in our trust account and will be applied to your monthly invoices. You must replenish your retainer/deposit every month to bring the balance of your deposit to 10,000.00. As a way of example only, if after a month your total invoice is for $5,000.00, then you must immediately pay the Firm $5,000.00 to bring back your total retainer/deposit to $10,000.00.  We reserve the right to increase the amount of the retainer as we see fit, upon reasonable notice to you of any such increase.  At the conclusion of your matter, the retainer/deposit will be applied to the final statement, in which you will be responsible for any amount due over and above the retainer/deposit.  Any unused portion of your retainer will be refunded to you upon the conclusion of our representation.

Mr. Roppy Sooter
January 29, 2025
Page 3

**Your Responsibilities.**  You agree to cooperate with us, to keep us informed of developments and to fulfill your obligations under this agreement.  You also agree to review all documents we submit or transmit to you, to withhold no relevant information from us, and to review and pay our bills in a timely manner.

**Legal Files.**  After we have concluded working on a matter, the files may be kept in a storage facility, and will be retained for a period of three (3) years.  After that period your file will be disposed of in the manner prescribed by law.  You may request copies of your client matter files at any time before the three-year period has lapsed.

**Liens.**  You hereby grant to us a lien on any and all claims or causes of action and on any recovery or award you shall receive or may be entitled to, whether by arbitration, judgment, order, settlement or otherwise, that is the subject of our representation under this agreement, and upon any funds held by us in trust or otherwise on your behalf. The lien will be for any sums due and owing to us under this agreement. The lien shall be in addition to all other rights we have to receive sums owing from you under this agreement. The effect of this lien is that we may be able to compel payment of fees and costs from any such funds recovered on your behalf, even if we have been discharged before the end of the case. Please understand that this lien could significantly impair your interest by delaying payment of the recovery or settlement proceeds until our dispute (if any) is resolved. In other words, if we have any disputes over my fees, and if you settle your case or receive any money from the other side, then we can ask that no money be paid to you until our dispute over my fees is resolved first. That may delay the payment of your money to you. Because this lien may affect your property rights, you are advised to seek the advice of an independent lawyer of your own choosing before you agree to this lien. By signing the agreement below, you represent that you have obtained the advice of independent counselor, after having been given a reasonable opportunity to obtain such advice, you voluntarily chose not to do so. significantly impair your interest by delaying payment of the recovery or settlement proceeds until our dispute (if any) is resolved. In other words, if we have any disputes over my fees, and if you settle your case or receive any money from the other side, then I can ask that no money be paid to you until our dispute over my fees is resolved first. That may delay the payment of your money to you. **Because this lien may affect your property rights, you are advised to seek the advice of an independent lawyer of your own choosing before you agree to this lien.** By signing the agreement below, you represent that you have obtained the advice of independent counselor, after having been given a reasonable opportunity to obtain such advice, you voluntarily chose not to do so.

**Power Of Attorney.**  You grant the Firm power of attorney and authorizes the Firm to act as your power of attorney. This power of attorney provides the Firm with the ability to negotiate settlement checks, money orders, cash, and other funds on your behalf with regard to funds involving the matter for which you retained us.  Further, you hereby grant the Firm authority to execute any and all pleadings, verifications, claims, settlements, drafts, checks, compromises, releases, dismissals, deposits, orders, and other documents that you could properly execute and to receive on your behalf monies or other things of value.

**Court-Awarded Sanctions**. Monetary sanctions awarded to the Firm during the course of this engagement shall not be considered part of the Client's recovery and shall belong to the Firm as additional compensation for extraordinary time and effort.

**Termination of Our Relationship.** You may discharge us at any time from representing you in this matter for any reason whatsoever. Such discharge or withdrawal by the firm in representing you shall not affect your obligation to pay us for the fees and costs that you incur through the date of our termination.

**Arbitration Clause.** You agree to have any and all disputes that arise out of or relate to this agreement, including but not limited to claims of negligence, breach of contract, malpractice, or breach of fiduciary duty arising out of or relating to the legal services provided by us to you, decided only by binding arbitration with ADR in accordance with the rules of ADR Services, Inc. and not by court action, except as provided by California law for judicial review of arbitration proceedings. If ADR is unable or unwilling to act as the arbitrator, then the matter shall be arbitrated by JAMS in accordance with the rules of JAMS Services. Venue for the arbitration or any other legal proceedings shall be in Los Angeles County, California. Each party shall pay their share of the arbitration fees. If either party does not appear or fail to pay his/its/her share of the arbitration fee, then the arbitration shall proceed by way of default.

Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing party in any litigation or arbitration between us will be entitled to recover from the non-prevailing party the reasonable costs and expenses of the litigation or arbitration, including, but not limited to, arbitrators' fees and costs, and expert witness fees. The costs shall not include attorney's fees incurred by either side.

In agreeing to this arbitration provision, you and we are each specifically giving up:

(A)    All rights you and we may possess to have such disputes decided in court or by jury trial; and

(B)    All judicial rights, including the right to appeal from the decision of the arbitrator(s), except as provided by California law for limited judicial review of arbitration proceedings.

This Arbitration Clause shall not replace rights you have as a client under California law to request a non-binding arbitration of any fee dispute with us pursuant to Sections 6200-6206 of the California Business and Professions Code. Also, this Arbitration Clause does not apply to any application to withdraw as counsel in this matter.

**Estimates.** If we provide you with any estimates of our fees and costs, we cannot guarantee that the actual fees and costs will not be higher - perhaps even a multiple of the

estimate - due to a variety of reasons, including, but not limited to, the actions taken by any opposing parties or their attorneys.

**Miscellaneous.** This agreement embodies our entire understanding with you with regard to the subject matter contained herein. If any term or provision of this agreement is held to be unenforceable or invalid, the remaining terms and provisions of this agreement shall be given full force and effect. This agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. If there is a dispute as to the interpretation or enforcement of this agreement, the prevailing party shall be entitled to collect his/its attorney's fees and costs in addition to any other remedies against the losing party. Your obligation is joint and several.

If these arrangements are satisfactory, kindly indicate your approval in the appropriate space on the enclosed copy of this letter agreement and return it to us. This letter will then constitute a binding agreement between us.

We are very pleased that you have retained our services and we look forward to working with you.

Very truly yours

*/s/ Ramin Azadegan*

Ramin Azadegan

## CLIENT'S ACCEPTANCE

1.        I have received a duplicate original of this legal services fee letter agreement.

2.        I have read and fully understand the contents of this letter and hereby agree for the Azadegan Law Group, APC to represent me or and/or my company(ies) in this action, and further agree to comply and be bound by each and every term and condition set forth in this letter agreement.  We also agree to pay for all services rendered to this date or in the future by the Azadegan Law Group, APC on our behalf or on behalf of any of our companies related to this case or any other matter.

Dated: January 30, 2025

_____
Robby Soofer


Alpine Corporation

Dated: January 30 2025                By:_____
Robby Soofer, President


Aspen Peak Corporation

Dated: January 30, 2025                By:_____
Robby Soofer, President


Garden Plus Sales

Dated: January 30, 2025                By:_____
Robby Soofer, President

January 29, 2025
Page 7

**EXHIBIT C**

Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No. **2:26-bk-10067-NB** |
| | ) |
| **ALPINE CORPORATION,** | ) **Chapter 11** |
| | ) |
| Debtor. | ) **NOTICE OF APPLICATION FOR** |
| | ) **AUTHORITY TO EMPLOY AZADEGAN** |
| | ) **LAW GROUP AS SPECIAL COUNSEL** |
| | ) |
| | ) |
| | ) Date: |
| | ) Time:    [No Hearing Required] |
| | ) Place: |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLEASE TAKE NOTICE** that Alpine Corporation (the "**Debtor**" or "**Applicant**"), the debtor and debtor in possession herein in this bankruptcy case, has filed the Application by for Authority to Employ Azadegan Law Group as Special Counsel (the "**Application**"). The Application has been submitted to the United States Trustee.

1.      Identification of the Professional and Purpose and Scope of Employment.

By the Application, the Debtor seeks to employ Azadegan Law Group ("**ALG**" or "**Firm**"), as its special counsel in the above-captioned bankruptcy case.

**It is contemplated that the law firm of ALG will perform the following services as**

NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL
COUNSEL

**Special counsel for Applicant**:

Applicant has selected Azadegan Law Group ("**ALG**") as its special counsel because that law firm has considerable expertise in matters contemplated in its employment, and Applicant believes that ALG is well qualified to represent it in this Chapter 11 case as special counsel. ALG is firm that serves many areas of law, however, ALG has over 30 years' experience in complex business litigation and contract disputes.

ALG will represent the Debtor in the matter pending in the Superior Court of the State of California ("**State Court**") entitled <u>Alpine Corporation, Aspen Peak Corporation, Garden Plus Sales v Transcend Logistics, LLC, Michael Sacco, Joseph A. Furnari, Michael A. Furnari</u> (Case No. 24STCV10701) (the "**Transcend State Court Action**"). Aspen Peak Corporation and Garden Plus Sales are non-debtor affiliates (the "**Affiliates**") of the Debtor

(a) **The Contingency Fee Agreement**. The firm's attorneys who will appear in this matter are duly admitted to practice in this Court or will be assisted by Debtors counsel. The Transcend State Court Action has been settled, subject to documentation and Bankruptcy Court approval. Assuming the Transcend State Court Action is settled, this matter is being handled on a blended contingency basis, subject to the following terms and conditions:

> The hourly rates in the attached engagement letter are hereby waived other than any amounts due prior to the Petition Date which is in the amount of $11,988.76, which shall be paid in addition to the flat fee described below.

> ALG shall receive as a fee the sum of 20% of any and all gross monetary recovery obtained by way of settlement, trial, arbitration, mandatory settlement conference, or settlement obtained through mediation, including punitive damages awards.

The law firm of ALG is experienced in these matters and has represented the Debtor prepetition in this matter. The firm's attorneys who will appear in this matter are duly admitted to practice in this Court, or will be assisted by bankruptcy counsel if necessary. This matter is being handled as set forth above, subject to the following terms and conditions: No monetary retainer shall be required prior to ALG undertaking services for the Debtor.

ALG does not represent any entity having an adverse interest to Applicant in connection with this case. ALG will continue to represent the Affiliates of the Debtor in the Transcend State

Court Action as the issues are identical to those of the Debtor and no additional cost will be incurred. In the proposed settlement, all payments will be paid to the Debtor, and the Affiliates will not receive any payment. If any additional separate work is required for the Affiliates, ALG will bill them directly for those separate services that is distinct from that of the Debtor. In addition, ALG has a prepetition claim of $11,988.76 for unpaid fees and costs incurred representing the Debtor in the Transcend State Court Action, and is not waiving that claim, and will be paid from the proposed settlement that amount and its agreed flat fee. Further, except as otherwise set forth in this Application, ALG does not have any connection with the debtor, debtor in possession, creditors of the estate, or any other party in interest other than its representation of the Debtor. Pursuant to the provisions of the Bankruptcy Code, compensation to be awarded to ALG shall be subject to **11 U.S.C § 330 and 327,** and order of the Court, upon application and following appropriate notice and hearing. No compensation will be paid without prior court approval other than as set forth above.

2.      **Procedure for Obtaining Copy of Application**.

The Application is on file in the above-entitled Court and may be reviewed and inspected at the offices of the Clerk of the Bankruptcy Court, 255 E. Temple Street, Los Angeles, California, 90012, during business hours or obtained from counsel for the Debtor listed in the above left hand corner of the first page of the Notice.

3.      **Procedure for Objection to Application and Requesting Hearing**.

Any response to the Application and request for a hearing must be in writing and filed with the United States Bankruptcy Court at , 255 E. Temple Street, Los Angeles, California, 90012 and served upon the Debtor, its attorneys, Kogan Law Firm, APC at 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064 and the Office of the United States Trustee, located at 915 Wilshire Blvd., Suite 1250, Los Angeles, California, 90017, pursuant to Local Bankruptcy Rule 9013-1(f)(1), not later than fourteen (14) days from the date of service of the Notice.  Any response and request for a hearing not filed and served may be deemed waived.

DATED:  March 23, 2026                    Respectfully submitted,

---

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

Michael S. Kogan
**KOGAN LAW FIRM, APC**


By:____/s/Michael S. Kogan_____
    Michael S. Kogan
    Attorneys for Debtor

---

**NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL**

| In re: ALPINE CORPORATION | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:26-bk-10067-NB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, CA 90064

A true and correct copy of the foregoing document described as **NOTICE OF APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 24, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **March 24, 2026** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **VIA U.S. MAIL**

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served  the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 24, 2026** | Pamela Lynn | /s/Pamela Lynn |
|---|---|---|
| Date | Type Name | Signature |

| In re: ALPINE CORPORATION | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:26-bk-10067-NB |

ADDITIONAL SERVICE INFORMATION (if needed):

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Michael S Kogan on behalf of Debtor
mkogan@koganlawfirm.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Gerrick Warrington on behalf of Creditor Israel Discount Bank of New York
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Michael J Gomez on behalf of Creditor Israel Discount Bank of New York
mgomez@frandzel.com, mbrandenberg@frandzel.com,autodocket@frandzel.com

Christopher Crowell on behalf of Creditor Israel Discount Bank of New York
ccrowell@frandzel.com, mbrandenberg@frandzel.com

Elan S Levey on behalf of Interested Party Courtesy NEF
elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov

Scott O Smith on behalf of Interested Party Interested Party
ssmith@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

Jessica M. Simon on behalf of Creditor Alliance Funding Group
jsimon@hrhlaw.com, mgranzow@hrhlaw.com

Ronald K Brown on behalf of Creditor RREEF AMERICA REIT II CORP. MMMM 3 CALIFORNIA
ron@rkbrownlaw.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** - VIA U.S. MAIL

**Presiding Judge**
Honorable Neil Bason
U.S. Bankruptcy Court
255 E. Temple St., #1545
Los Angeles, CA 90012

Creditors (who have not filed NEF)

**Top 20 Unsecured Creditors**

American Express Platinum
Attn: Officer or Managing/General Agent
PO Box 96001
Los Angeles, CA 90096

Reef America Reit II Corp.
MMMM3 California
Attn: Officer or Managing/General Agent
535 Anton Blvd., Suite 200
Costa Mesa, CA 92626

AmericasMart Real Estate, LLC
Attn: Officer or Managing/General Agent
240 Peachtree Street NW, Suite 2200
Atlanta, GA 30303

WORLDWIDE EXPRESS
Attn: Officer or Managing/General Agent
PO BOX 101903
PASADENA, CA, 91189

Available Trucking
Attn: Officer or Managing/General Agent
P.O. BOX 382
MAYWOOD, CA, 90270

American Express Bonvoy
Attn: Officer or Managing/General Agent
PO Box 96001
Los Angeles, CA 90096

American Express Black
Attn: Officer or Managing/General Agent
PO Box 96001
Los Angeles, CA 90096

Global Tranz Enterprises
Attn: Officer or Managing/General Agent
P.O. BOX 736808
DALLAS, TX, 75373-6808

American Express Gold
Attn: Officer or Managing/General Agent
PO Box 96001
Los Angeles, CA 90096

McCarthy Distribution LTD
Attn: Officer or Managing/General Agent
Elm Point 2 Abby Road
Wrexham Industrial Estate
Wrexham, UK LL13 9UE, UK

Corporate Pallet Services Inc.
Attn: Officer or Managing/General Agent
1255 E 9th Street
Pomona, CA 91766

Resource MFG
Attn: Officer or Managing/General Agent
PO Box 512007
Los Angeles, CA 90051

PJG Financial Services Inc.
Attn: Officer or Managing/General Agent
3404 Park Hill DR.
Greensboro, NC 27410

Law Distribution LTD
Attn: Officer or Managing/General Agent
UNIT A, HAYDOCK CROSS
KILBUCK LANE, HAYDOCK
ST. HELENS, WA11 9UX, W

Baker Tilly, LLP
Attn: Officer or Managing/General Agent
PO Box 511563
Los Angeles, CA 90051

Home Depot Advertising
Attn: Officer or Managing/General Agent
PO Box 7247
Philadelphia, PA 19170

Federal Express
Attn: Officer or Managing/General Agent
PO Box 7221
Pasadena, CA 91109

Marshall & Associates
Attn: Officer or Managing/General Agent
1131 W. Blackhawk, 2nd FL
Chicago, IL 60642

The Network Pro LLC
Attn: Officer or Managing/General Agent
P.O. Box 780701
Philadelphia, PA, 19178-0701

968 W Veterans Realty LLC (Security interest withdrawn)
Attn: Officer or Managing/General Agent
50 Tice Blvd

Woodcliff Lake, NJ 07677

GBR Funding West, Inc (Security interest withdrawn)
Attn: Officer or Managing/General Agent
530 7th Avenue, Floor M1
New York, NY 10018

Samson MCA LLC (Security interest withdrawn)
Attn: Officer or Managing/General Agent
17 State Street, Suite 630
New York, New York 10004

**Secured Creditors - loans**

Israel Discount Bank of New York (by NEF)
Attn: Officer or Managing/General Agent
888 Figueroa Street, Suite 550
Los Angeles, CA 90017

Israel Discount Bank of New York (by NEF)
Attn: Officer or Managing/General Agent
9401 Wilshire Blvd #600
Beverly Hills, CA 90210

Small Business Admin. (by NEF)
Office of General Counsel
312 N. Spring Street, 5th Fl
Los Angeles, CA 90012

| In re: ALPINE CORPORATION | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:26-bk-10067-NB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, CA 90064

A true and correct copy of the foregoing document described as **APPLICATION FOR AUTHORITY TO EMPLOY AZADEGAN LAW GROUP AS SPECIAL COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 24, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **March 24, 2026** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed. *VIA U.S. MAIL*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 24, 2026** | Pamela Lynn | /s/Pamela Lynn |
|---|---|---|
| Date | Type Name | Signature |

| In re: ALPINE CORPORATION Debtor(s). | CHAPTER: 11 CASE NUMBER: 2:26-bk-10067-NB |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Michael S Kogan on behalf of Debtor
mkogan@koganlawfirm.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Gerrick Warrington on behalf of Creditor Israel Discount Bank of New York
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Michael J Gomez on behalf of Creditor Israel Discount Bank of New York
mgomez@frandzel.com, mbrandenberg@frandzel.com,autodocket@frandzel.com

Christopher Crowell on behalf of Creditor Israel Discount Bank of New York
ccrowell@frandzel.com, mbrandenberg@frandzel.com

Elan S Levey on behalf of Interested Party Courtesy NEF
elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov

Scott O Smith on behalf of Interested Party Interested Party
ssmith@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com

Jessica M. Simon on behalf of Creditor Alliance Funding Group
jsimon@hrhlaw.com, mgranzow@hrhlaw.com

Ronald K Brown on behalf of Creditor RREEF AMERICA REIT II CORP. MMMM 3 CALIFORNIA
ron@rkbrownlaw.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** - VIA U.S. MAIL

**Presiding Judge**
Honorable Neil Bason
U.S. Bankruptcy Court
255 E. Temple St., #1545
Los Angeles, CA 90012